**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Quincy Cornell Jones,**<br>**Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:21cv347 (CMH/IDD)** |
| | ) | |
| **Harold W. Clarke,**<br>**Respondent.** | ) | |

MEMORANDUM OPINION & ORDER

Before the Court is respondent Harold Clarke's motion to dismiss [Dkt. Nos. 8-10] Quincy Cornell Jones's ("petitioner" or "Jones") petition for writ of habeas corpus [Dkt. No. 1], which arises under 28 U.S.C. § 2254. Respondent contends that the petition is time-barred and otherwise without merit [see Dkt. No. 10], arguments petitioner opposes in both his petition and an opposition to respondent's motion [Dkt. No. 15]. For the reasons that follow, it is clear that the petition is barred by the relevant statute of limitations and that respondent's motion to dismiss must therefore be granted.

**I. Background**

On March 21, 2005, in the Circuit Court of the City of Alexandria, a jury found petitioner guilty of two counts of robbery and use of a firearm in the commission of a robbery. Case No. CF04000376; Respondent's Exhibit ("REX") A. On May 5, 2005, the circuit court sentenced petitioner to a term of imprisonment of twenty-three years. Id. Jones filed a direct appeal with the Court of Appeals of Virginia, arguing that the evidence presented at trial was insufficient to support his convictions. The state appellate court denied Jones's petition on December 29, 2005, finding that the issue of sufficiency had not been preserved at trial. Record No. 1098-05-4; REX B. Petitioner did not appeal to the Supreme Court of Virginia.

On January 31, 2014, petitioner filed a petition for writ of habeas corpus in the Alexandria Circuit Court, arguing that the court lacked jurisdiction over him and that his convictions should therefore be vacated. Case No. CL14001233; REX C. The circuit court found plaintiff was not entitled to relief and dismissed his petition with prejudice. Id.

On January 29, 2018, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Record No. 180165; REX D. Finding that the petition was barred by the relevant statute of limitations, the state supreme court dismissed the petition by order dated March 27, 2018. Id. On August 20, 2018, petitioner filed yet another habeas petition in the state supreme court. Record No. 181086; REX E. The Supreme Court of Virginia once more found the petition to be time-barred and accordingly dismissed it. Id.

Petitioner filed the instant federal petition on February 24, 2021. [Dkt. No. 1].

## II. Statute of Limitations

Respondent contends that the instant petition is untimely. [Dkt. No. 10]. A § 2254 petition for a writ of habeas corpus must be dismissed if it is filed later than one year after (A) the judgment it challenges becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court recognizes the constitutional right asserted in the petition; or (D) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). On this basis, unless subsections (B), (C), or (D) apply, the one-year limitation period begins running when direct review of a petitioner's state conviction is completed or when the time for seeking direct review expires.

There is no apparent basis for the application of subsections (B), (C), or (D). Accordingly, the Court assesses the statute of limitations defense through the lens of subsection (A), by calculating the date petitioner's criminal judgment became final. A review of the record

makes clear that the judgment in question became final on Monday, January 30, 2006, the date on which petitioner's time to file a petition for direct appeal to the Supreme Court of Virginia expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired....") (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5:14 (allowing thirty days to note an appeal). The limitation period therefore began to run on January 31, 2006, and petitioner had until January 31, 2007 to file a federal habeas petition. Petitioner failed to do so, having not filed the instant petition until February 2021. [See Dkt. No. 1]. The petition is therefore time-barred unless statutory tolling, equitable tolling, or a showing of actual innocence entitle petitioner to federal merits review. As explained below, they do not.

*A.* *No Entitlement to Statutory Tolling*

In calculating the one-year statute of limitations described above, reviewing courts must exclude the time during which properly filed state post-conviction or other collateral proceedings pursued by a petitioner were pending. 28 U.S.C. § 2244(d)(2). To toll the federal limitations period, then, a state proceeding must be a (1) properly filed (2) post-conviction or other collateral review of (3) the judgment under federal scrutiny. 28 U.S.C. § 2244(d)(2). Because petitioner here did not file a petition for writ of habeas corpus in state court until 2014, by which point the federal filing period had already expired, the pendency of his state petition did not toll the federal period. Cf. Claiborne v. Dir. Of Dep't of Corrs., No. 3:11cv368, 2012 WL 859559, at *3 (E.D. Va. Mar. 13, 2012) ("Claiborne did not file any of his three state court habeas petitions prior to the expiration of the AEDPA one-year statute of limitations. Thus, none of these petitions could toll the AEDPA statute of limitations."). Consequently, statutory tolling provisions do not rescue the instant petition from untimeliness.

*B. No Entitlement to Equitable Tolling*

One may also bypass a § 2244(d)(1) time-bar through equitable tolling. To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, preventing him from timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting entitlement to equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Even so, equitable tolling is to be applied infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Here, there is no apparent basis for a finding that petitioner is entitled to equitable tolling of the statutory limitations period. Petitioner's failure to file a federal habeas petition until fifteen years after his judgment became final is indicative of his lack of diligence in pursuing his rights. Cf. Robinson v. Clark, No. 2:12cv189, 2012 WL 4322074, at *3 (E.D. Va. Aug. 10, 2012) ("Failure to pursue rights for fifteen years falls short of the "reasonable diligence" required to entitle a petitioner to equitable tolling.").

Nor does it appear that there was any legally cognizable impediment preventing petitioner from timely filing. Without explicitly framing it as an argument for entitlement to tolling, petitioner argues that the untimeliness of his filing is excusable because his trial attorney was ineffective, which "caused [petitioner] to be barred from any grounds being presented." [Dkt. No. 1] at 13-14. Generally, attorney ineffectiveness does not constitute an extraordinary circumstance beyond the party's control that would justify equitable tolling. See, e.g., Lawrence

v. Florida, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Harris v. Hutchinson, 209 F. 3d 325, 331 (4th Cir. 2000) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.").

And to the extent petitioner sought to invoke Martinez v. Ryan, 566 U.S. 1 (2012), in support of his argument, the case is inapposite and does not salvage his petition. "Martinez applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition." Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations and quotations omitted). See also Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d) ] or the tolling of that period."); Lombardo v. United States, 860 F.3d 547, 557-58 (7th Cir. 2017).

*C. No Demonstration of Actual Innocence*

Finally, a petitioner is also entitled to federal review of the merits of untimely habeas claims if he establishes a colorable claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383 (2013). To establish such a claim, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice unless his conviction was the product of a fair trial." Schlup v. Delo, 513 U.S. 298, 316 (1995) (emphasis in original). Petitioner here has not proffered any new evidence to demonstrate

a colorable claim of actual innocence. He therefore may not escape the § 2244 time bar on this ground. Accordingly, it is hereby

ORDERED that respondent's motion to dismiss [Dkt. No. 8] be and is GRANTED and this petition is DISMISSED WITH PREJUDICE as time-barred.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement evincing a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated above.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment in favor of respondent Harold W. Clarke, to send a copy of this Order to petitioner and counsel of record for respondent, and to close this civil action.

Entered this 15th day of June 2021.

Claude M. Hilton
United States District Judge

Alexandria, Virginia